GIBSON, Senior Circuit Judge,
concurring.
I concur in Judge Sneed’s opinion. My rationale for finding a valid consensual lien is that Holiday had sufficient “rights in the collateral,” Cal.Com.Code § 9204, to enter into a security agreement with World Airways for the limited purpose of obtaining services and maintenance on the aircraft. While a leasehold may not be a sufficient interest upon which to ordinarily allow the lessee to base a security interest, as outlined in Judge Poole’s dissenting opinion, the lease agreement between Petroleum and Holiday did provide that Holiday was required at its own expense to maintain the aircraft. Holiday remained liable for the cost of the repairs. The lessee had an implied right, therefore, to place the aircraft in the possession of a third party for the purpose of obtaining reasonable repairs which could give rise to a mechanic’s lien. Rarely are repairs, particularly of this magnitude, paid for in advance. Maintenance of the plane in good working order, furthermore, is obviously beneficial to both the lessor and the lessee. Third party creditors’ rights and security interests might also be impaired if the aircraft were allowed to fall into a state of disrepair.